

STATE OF MINNESOTA

IN SUPREME COURT

A16-1978

In re Petition for Disciplinary Action against
Eric Chiadikobi Anunobi, a Minnesota Attorney,
Registration No. 0388986.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Eric Chiadikobi Anunobi committed the following professional misconduct: failing to maintain the required trust account books and records, resulting in shortages in his trust account and the unintentional misappropriation of client funds; and disclosing information related to the representation of a client. *See* Minn. R. Prof. Conduct 1.15(a), 1.15(c)(3), 1.6(a), 8.4(d), and Appendix 1 thereto.

Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and unconditionally admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is a public reprimand and 2 years of probation during which respondent's books and records will be available for the Director's review.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

1

IT IS HEREBY ORDERED that respondent Eric Chiadikobi Anunobi is publicly reprimanded and placed on 2 years of probation subject to the following terms and conditions:

(a)   Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation.

(b)   Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c)   Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 14 days from the date of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. Respondent shall nominate supervisors who not only agree to serve in a supervisory capacity but also agree to be available to answer questions, provide guidance, and work with respondent to address issues that may come up in his practice. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d)   Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports

2

with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(e)     Respondent shall maintain trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 thereto. These books and records include the following:   client subsidiary ledgers, checkbook registers, monthly trial balance reports, monthly reconciliation reports, bank statements, canceled checks (if they are provided with bank statements), duplicate deposit slips, bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program, and bank wire, electronic, or telephone transfer confirmations.  Such books and records shall be made available to the Director within 30 days from the filing of this order and thereafter at such intervals as the Director deems necessary to determine compliance.

IT IS FURTHER ORDERED that respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

Dated:  January 13, 2017            BY THE COURT:

David R. Stras
Associate Justice

3